Case No. 24-7077, Eugene Hudson, Jr. Appellant v. American Federation of Government Employees, AFGE. Mr. Bone for the appellant, Ms. Oppenheimer for the appellee. Mr. Braun, good morning. Good morning, Your Honors. May it please the Court, Appellant, Eugene Hudson, Jr. So, this case raises three issues on appeal. First, that the jury instructions may or may not have followed 101A2. Second, that a jury may review the instructions or the actions of a union pursuant to the union constitution for reasonableness. And third, whether or not a violation of 101A2 is required to have a remedy on appeal. So, due to the complexity of three issues, the relative complexity of three, I intend to devote the time solely to the first part or A aspect of the first issue. The jury instruction? Yes. Namely, the test for infringement. I'm sorry? I didn't hear you. Sorry. Yes. I intend to talk about only the test for infringement. So, when a statute or when a word is not defined in a statute, it takes on the common law aspects of it. That is especially true here where the labor management, the Supreme Court has stated that labor management statutes have a common law aspect. And the legislative history shows that Congress intended for common law judgment to be applied to the statute because of the myriad ways that union democracy can be formed by its members. So, when we say that a right shall not be infringed, we don't look to the mental aspect of the tortfeasor. We look at the burden of exercise on the right holder. So, under 101A2 specifically, The claims you pursued were for retaliation, correct? Retaliation was a theory that was presented in the Wouldn't that necessarily turn on the reason for the decision? In a sense, yes. But as mentioned in both the jury instructions before trial, the new trial motion, and on appeal, it does not require but for causation. Specifically, it was mentioned in Comcast. But it does require a causal link. Before we get to causation, they have to have acted for a bad, they have to have a bad reason. So, motive may be involved, but that is different than motive causation. Motive causation requires one to prove the mental state of the tortfeasor. With a reasonable person test, you only have to prove the perception is that of one who intends to commit a tort. There's a big difference. So, for example, a person emerging from the forest with a bloody machete may or may not be the gentlest person in the world. However, that does not mean that one may not feel reasonable fear based on what they're perceiving. It's the same thing here. So, in the Supreme Court case of Lynn, we saw that Congress, the Supreme Court stated that it was sufficient for Lynn to show that the trustee stated that he acted with the intent to remove him because he spoke out against him. He spoke out against the fee increases. However, sufficiency and necessity are two different things. And the Supreme Court went further to say that that objective evidence of the trustees stating that he was acting on the speech was sufficient to show that it was reasonable for the union members who observed that speech act to feel a chill underneath all of that. And that is the precise thing that 101A2 is targeting. So, the free flow of communication between union members is the union's main system against autocracy. When that free flow is interrupted, there is the threat that autocracy may set in, and that is when judicial intervention becomes necessary. Mr. Bone, can we talk about, you said that the common law standards should govern how we understand this. But for causation, isn't the usual common law standard for causation? For motive causation, if you're applying a reasonable person standard, the causal link is not between the speech act and that of the union officer. It's between the union officer and the observation by the union members. It's the chill that is attempted to be prevented by 101A2. And as was stated in Meacham, because the rule that is asserted here is part of the affirmative defense, it can't also be part of that but-for that is used for the standard inside of itself. It can't be both sides. So, since the text is already stated that it is in the affirmative defense, it can't be part of the but-for. So, Bastanti was mentioned as well in both the reply brief and the main brief, and we saw there that there was causation mentioned as well. But Bastanti was affirming the district court there, and if you look in the slip opinion on page 12, you see that the district court there uses an any motive standard, which is conformable to the causation method. So, there you see that with-so, there's a bit of a shifting there. And we saw in the appendix on page 236 where it was asserted that there was an error in the motivating factor test. Motivating factor was asserted. In Bastanti, we said that the action has to be causally linked to protected speech, but did this court otherwise specify what the causation standard should be? I don't think Bastanti says what the causation standard should be, or do you read the case differently? The circuit court does not say what the causation standard must be, but the district court that it was affirming used an any motive standard both at summary judgment and at trial. So, it was seen that the any motive standard should carry the day again here, especially in light of Comcast, which says that the text, the stat, the structure, the history, and the purpose of- Can I ask one clarifying question? So, I understand the argument you're focusing on today is essentially that causation is objective. Would this conduct chill an objective union member? Below, Mr. Hudson also argued that the test should be motivating factor instead of but-for causation. Are you making that argument on appeal, the motivating factor argument, or are you abandoning that? No. So, again, the error that was asserted was that the but-for motive causation test was incorrect. The motivating factor test is offered as an alternative in case the court does not agree with the objective standard.  So, again, we saw also in the purpose of the statute that Congress intended for the union officers to be held to the highest ethical standards. That also supports the any factor, any motive test. And we also saw in the legislative history that when they were approving the final amendment, Senator Kutchel stated that they intended for the rule of reason to apply. That would also support the reasonable member standard. Since the chill is the focus of the test, as stated in Reed, as stated in Hall v. Cole, it would follow that the reasonable member test is the one that should be applied at the outset before the affirmative defense is applied. So, and again, there's this issue about measuring motive as well. If you have a retaliatory motive but-for standard and you have a committee, say, of five people, if two of those people are acting in retaliation for the speech, if one of them is acting using the speech as, say, a pretext simply because they dislike the individual, and two of them are applying just a stated rule or a bylaw, it is somewhat unclear whether or not that is a but-or for the purposes of any motive causation test. Because that third individual, they're not acting in retaliation on the speech. They're just acting in general disgust or dislike. And as we saw with the causal chain throughout... I'll let you finish. Of course. Oh, sorry. I apologize. I see my time is up. Thank you, Your Honors. Okay. Ms. Oppenheimer. Good morning. Good morning. And may it please the Court, I'm Elizabeth Oppenheimer for the Appellee American Federation of Government Employees. None of the arguments that Hudson is raising before this Court was timely raised before the District Court. And in particular, the reasonable person standard that Mr. Hudson's counsel just spoke about bears no relation to the retaliation claim that was tried before the District Court. On the jury instruction, do you think this is a plain error case or an invited error case? I think it's an invited error case. I don't think he prevails either way. But the jury instruction did not state any coherent causation standard. It didn't state a coherent motivating factor standard. It didn't seem to state a but-for standard. It feels a little bit like invited error to the extent he's challenging his own proffered instruction. Right. We did cite a recent case from this Court in our brief saying that a party cannot challenge an instruction that they gave. It may be that part of his instruction now matches part of his theory, but his instruction taken as a whole, if he's challenging the instruction taken as a whole, then I agree with Your Honor that it's an invited error. As you've just referred to, all of the claims are under either a plain error or more demanding standard of review. We set forth in our briefs why none of the claims meet that standard, and I don't want to repeat our briefs, but I'm happy to answer any questions Your Honors may have. Ms. Garcia? Happy to rest on the brief? Happy to rest on the brief. Thank you, Your Honor. Thank you. Mr. Brown, we'll give you two minutes. So, again, I would just say that we weren't challenging the entirety of the jury instructions, just the parts that were isolated for the causation standard, and that was mentioned as well in the briefs. So, unless Your Honors have any further questions? Mr. Garcia? Judge Ryan? Thank you. Thank you. The case is submitted.
judges: Katsas; Rao; Garcia